CHRISTOPHER J. HEALEY (SBN 105798)
 chealey@mckennalong.com
JAIKARAN SINGH (SBN 201355)
 jsingh@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
600 West Broadway, Suite 2600
San Diego, CA 92101-3372
Telephone:  619.236.1414
Facsimile:   619.232.8311

Attorneys for Defendants
Archstone Communities LLC; ASN Warner Center, LLC,
and Archstone Long Beach LP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER VAGLE and GEORGE PONCE, on behalf of themselves and all others similarly situated; | Case No. _____ |
| Plaintiffs, | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d)(2)(A)** |
| v. | |
| ARCHSTONE COMMUNITIES, LLC, a Delaware limited liability corporation, ASN WARNER CENTER, LLC, a Delaware limited liability corporation, and ARCHSTONE LONG BEACH LP, a Delaware limited partnership, and DOES 1 through 100, inclusive; | **[CAFA REMOVAL]** |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Defendant Archstone Communities LLC (Communities), pursuant to 28 U.S.C. sections 1332(d)(2)(A), 1441(a), and 1446, hereby removes this case to this court from the Superior Court of the State of California for the County of Los Angeles.

**PROCEDURAL HISTORY**

1.      Plaintiffs Jennifer Vagle and George Ponce are former residents of apartment communities owned, operated, and managed by ASN Warner Center, LLC (Warner Center) and Archstone Long Beach LP (Long Beach), respectively.  Plaintiffs allege that Communities managed and operated the apartment communities at which they resided, as well as approximately 68 other apartment communities throughout California.

2.      In this putative class action, plaintiffs claim that all defendants are jointly and severally liable for a systematic policy and procedure of always: (a) charging their tenants' security deposits for apartment cleaning and painting and carpet cleaning or replacement at the end of every tenancy regardless of the actual condition of the apartment unit; and (b) making these deductions to prepare the unit for the next tenancy as "turnover" costs.  These allegations form the basis for three causes of action, which collectively seek actual damages, statutory damages of twice the amount of security deposits, disgorgement and attorneys' fees against all defendants.[1]  Attached as Exhibit 1 is a true and correct copy of plaintiff's Fourth Amended Complaint (FAC).  Attached as Exhibit 2 are true and correct copies of all process, pleadings, and orders served upon Communities in this action.

3.      On November 21, 2013, plaintiffs filed their Fourth Amended Complaint. Long Beach removed to federal court on December 6, 2013.  Although defendants believe that this case meets the Class Action Fairness Act's (CAFA) jurisdictional requirements of minimal diversity of citizenship, amount in controversy, and putative class size, the District Court granted plaintiffs' motion to remand on February 5, 2014.[2]

4.      The basis for the remand was the District Court's determination that plaintiffs' allegations of joint liability and alter ego were insufficient to conclude that

_____

[1] Fourth Amended Complaint (FAC) (Exhibit 1), Prayer for Relief.

[2] Order re: Plaintiffs' Motion to Remand (Exhibit 3), dated February 5, 2014.

1  Long Beach could be liable for the acts of the other defendants; and therefore, Long

2  Beach, as the removing defendant, failed to meet the amount-in-controversy

3  requirement.  Long Beach respectfully disagrees.  Under CAFA, a court **must** assume

4  that the allegations on the face of the complaint, namely, that all defendants are jointly

5  liable, that they are alter egos of each other, and that they are liable together under an

6  agency theory, are true.[3]  *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,

7  199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a

8  court must 'assum[e] that the allegations of the complaint are true and assum[e that] a

9  jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint.");

10  *Campbell v. Vitran Express, Inc.*, 471 Fed.Appx. 646, 648 (9th Cir. 2012) (quoting

11  *Kenneth Rothschild Trust* in assessing amount in controversy for CAFA removal).[4]

12  Based on these allegations and plaintiffs' allegations of a single proposed class that

13  asserts three causes of action against all defendants,[5] Long Beach believes that it

14  satisfied the CAFA amount-in-controversy requirement.[6]

15      5.      On March 7, 2014, the state court issued a case review order stating that

16  it had not yet regained jurisdiction from the District Court, and it set a further case

17  review for June 2, 2014.[7]  Thereafter, on May 2, 2014, the state court issued a further

18  order, which was served on the parties on May 5, 2014, acknowledging that the case

---

[3] FAC (Exhibit 1), ¶¶ 11, 12 and Prayer for Relief.

[4] In accordance with Rule 32.1 of the Federal Rules of Appellate Procedure, a copy of the unpublished decision in *Campbell v. Vitran Express, Inc.*, 471 Fed.Appx. 646 (9th Cir. 2012) is attached as Exhibit 4, and may be cited in this notice.

[5] FAC (Exhibit 1), ¶¶ 34-35, 39-53.

[6] Long Beach sought appellate review of the District Court's remand order under 28 U.S.C. section 1453(c)(1).  On April 10, 2014, the Ninth Circuit denied review, Communities files this notice of removal based on its own independent right to remove this case.  In an effort to preserve its appellate rights, Long Beach joins and consents to Communities' notice of removal.

[7] Order re: Non-Appearance Case Review (Exhibit 5), dated March 7, 2014.

has been remanded back to the Los Angeles Superior Court, with the remand order filed with the state court on May 1, 2014.[8]

## GROUNDS FOR REMOVAL

6.     Communities may now remove this case, even though Long Beach's effort to remove failed.  Plaintiffs' allegations indisputably assert that Communities is responsible for damages arising out of security deposit charges assessed to virtually every tenant who resided at one of approximately 70 multi-unit apartment communities throughout California since March of 2008.  Allegations of joint and several, alter ego or agency liability are extraneous to the assessment of the amount in controversy as to Communities because plaintiffs have alleged that Communities is directly liable to them and the putative class for all alleged damages.[9]

7.     Under 28 U.S.C. section 1332(d)(2), United States District Courts have original jurisdiction over putative class actions where (1) there are at least 100 putative class members, (2) the amount in controversy exceeds $5,000,000, and (3) any proposed class member and any defendant are citizens of different states.  *See* 28 U.S.C. § 1332(d).  Each of these requirements is satisfied here.  Communities' review of records shows that the amount in controversy likely exceeds $5,000,000, there are more than 100 putative class members and there is minimal diversity, making removal under 28 U.S.C. § 1332(d)(2) appropriate.

## This is a Class Action With More Than 100 Class Members

8.     Plaintiffs have alleged a class action.[10]

9.     According to plaintiffs' complaint, defendants have a systematic policy and procedure of ***always*** charging their tenants for apartment cleaning, painting, and/or carpet cleaning or replacement at the end of ***every tenancy*** regardless of the actual

---

[8] Order (Exhibit 6), dated May 2, 2014.

[9] FAC (Exhibit 1), ¶¶ 13, 31-32, 34, 37, 39-43.

[10] FAC (Exhibit 1), ¶¶ 33-38.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d)(2)(A)

condition of the apartment unit for 70 multi-unit apartment complexes throughout California.[11]    Based on plaintiffs' allegations, there are 69,508 potential class members.[12]

### There is Minimal Diversity

10.    There is diversity of citizenship between Communities and at least one class member.  Plaintiffs are California citizens; Communities is a Delaware limited liability company, with its principal place of business in Colorado.[13]  For purposes of removal under CAFA, citizenship of a limited liability company is based on the state under whose laws the entity was organized or principal place of business.  *See* 28 U.S.C. § 1332(d)(10); *Ferrell v. Express Check Advance of South Carolina LLC*, 591 F3d 698, 705 (4th Cir. 2010) ("unincorporated association" for CAFA purposes covers all non-corporate business entities).  In fact, plaintiffs' complaint alleges complete diversity in this case, as both named plaintiffs are citizens of California, and defendants are all citizens of other states.[14]

### The Amount in Controversy Exceeds $5,000,000

11.    Under CAFA, the claims of class members are aggregated to determine if the amount in controversy, including statutory attorney's fees, exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(6); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (statutory attorney fees added when calculating amount in controversy); *Berry v. American Express Pub., Corp.*, 381 F.Supp.2d 1118, 1124 (C.D. Cal. 2005) (amount in controversy can be based either on the aggregate value of the class members' claims or on the costs to defendants of providing whatever relief is sought).

---

[11] FAC (Exhibit 1), ¶¶ 13, 31-32.

[12] Declaration of Chris Jenkins (Jenkins Decl.), ¶ 7.

[13] FAC (Exhibit 1) ¶¶ 5, 6, 9.

[14] FAC (Exhibit 1) ¶¶ 5-9.

12.   In assessing the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a complete verdict for the plaintiff.  *Kenneth Rothschild Trust,* 199 F.Supp.2d at 1001; *Campbell*, 471 Fed.Appx. at 648.

13.   Plaintiffs' Fourth Amended Complaint seeks a wide range of damages, including actual damages, statutory damages,[15] disgorgement, and attorney's fees[16] on behalf of virtually all persons who leased an apartment in California allegedly managed by Communities and were assessed a charge for apartment cleaning, painting and/or carpet cleaning or replacement from March 14, 2008 (four years prior to the filing of the lawsuit) to the present.[17]  But the complaint does not specify the purported amount of these damages.  And where a complaint does not specify the amount of the alleged damages, the removing defendant need only show by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum.  *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

14.   The removing defendant is not required to concede liability or prove the amount of damages plaintiff is ***likely*** to recover.  Rather, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Verizon*, 627 F.3d at 400; *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).  Thus, to carry its burden, the removing defendant merely needs to show "that the ***potential*** damages could exceed the jurisdictional amount."  *Verizon,* 627 F.3d at 397 (emphasis added); *see also Pretka v. Kolter City Plaza II, Inc.*,

[15] Civil Code section 1950.5 allows a tenant to recover actual damages for wrongful security deposit deductions and imposes statutory damages of up to twice the amount of the security deposit for each violation that was done in "bad faith."  *See* Cal. Civil Code § 1950.5.

[16] FAC (Exhibit 1), Prayer for Relief.

[17] FAC (Exhibit 1), ¶¶ 31-32, 34.

608 F.3d 744, 754 (11th Cir. 2010) ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.")

15.    Communities expressly denies plaintiffs' allegations and denies that plaintiffs or any of the putative class members are entitled to any damages at all or other relief or recovery.  But if plaintiffs' allegations are true that Communities managed approximately 70 multi-unit apartment communities and automatically charged vacating tenants for apartment cleaning, painting and/or carpet cleaning or replacement, the potential damages, i.e., the amount in controversy, would exceed $5,000,000.

16.    Records for the California apartment communities referenced in plaintiffs' complaint show that during the class period 69,508 tenants were assessed the allegedly offending charges.[18]  The records show that these tenants paid security deposits totaling $34,592,486 [19] and were assessed $21,564,452 in apartment cleaning, painting, and/or carpet cleaning or replacement charges.[20]

17.    According to plaintiffs, assessing improper charges for cleaning, paint and carpet was a "systematic" practice that was repeated for "every tenancy" during the class period.[21]  Thus, the potential actual damages under Civil Code section 1950.5 could be as much as $21,564,452, an amount equal to the total charges assessed for apartment cleaning, painting and carpet cleaning or replacement.  And the potential statutory damages under Section 1950.5 for the alleged bad faith deductions to the security deposits could be as much as twice the amount of the security deposits.

---

[18] Jenkins Decl., ¶ 7.

[19] Jenkins Decl., ¶ 7.

[20] Jenkins Decl., ¶ 7.

[21] FAC (Exhibit 1), ¶¶ 31-32, 34.

18.   Plaintiffs' request for statutory attorney's fees further increases the amount in controversy.  *Galt*, 142 F.3d at 1156 (statutory attorney fees are included for determining amount in controversy).  The actual damages and statutory damages in controversy far exceed $5,000,000, without even considering the attorney's fees that plaintiffs seek.

19.   Of course, in acknowledging plaintiffs' request for damages and attorney's fees, Communities does not concede that such a request is reasonable, has any merit or that plaintiffs are entitled to any attorney's fees, damages or any relief or recovery whatsoever.

## TIMELINESS OF REMOVAL

20.   Plaintiffs' pleadings on their face do not trigger the thirty-day time period for removal.  *See Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1139, 1141 (9th Cir. 2013) (the time period starts to run only when the basis for removal is "revealed affirmatively in the initial pleading"); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013) ("The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. ***With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought.***") (emphasis added) (citing to *Kuxhausen v. BMW Financial Services NA LLC*); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (notice of removability is determined by the "four corners of the applicable pleading, not through subjective knowledge or a duty to make further inquiry.")

21.   Given that neither the Fourth Amended Complaint nor any prior pleading, motion or other document served on Communities (or any other defendant) has set forth ***any*** amount of monetary damages sought or the number of class members, the 30-day removal period has not begun to run in this case.  *See Kuxhausen*, 707 F.3d at 1139, 1141; *Walker*, 727 F.3d at 823-825.  Instead, Communities can remove this case under

CAFA based on its own information outside the thirty-day time period for removal. *Roth v. CHA Hollywood Medical Center*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines.")  Thus, this notice is timely.  *See* 28 U.S.C. § 1446(b).

## NO CONSENT IS NECESSARY

22.     Joinder or consent from the other defendants named in this action, Warner Center and Long Beach, is unnecessary because any defendant can remove an action under CAFA, regardless if any other defendants consent to the removal.  *See* 28 U.S.C. §§ 1332(d)(2), 1453(b).

23.     Nevertheless, both Long Beach and Warner Center have each consented to this removal and will file joinders to this notice of removal by Communities.

## NOTICE TO STATE COURT AND ADVERSE PARTY

24.     Counsel for Communities certifies that, in accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon plaintiffs' counsel and filed with the clerk of the Superior Court of the State of California, County of Los Angeles.

WHEREFORE, defendant Archstone Communities LLC hereby gives notice that this action is removed from the Superior Court of the State of California for the County of Los Angeles to this United States District Court for the Central District of California.

DATED:  May 6, 2014            McKenna Long & Aldridge LLP

By:   s/Jaikaran Singh
    Jaikaran Singh
    Attorneys for Defendants
    Archstone Communities LLC; ASN Warner
    Center, LLC, and Archstone Long Beach LP

USW 804285398

# INDEX OF EXHIBITS

| Exhibit | Description | Page |
|---------|-------------|------|
| 1 | Fourth Amended Complaint | 11 |
| 2 | Previously Filed Pleadings and Orders | 35 |
| 3 | Court Order re Plaintiff's Motion for Remand | 734 |
| 4 | *Brandon Campbell, et al. v. Vitran Express, Inc.* | 739 |
| 5 | Court Order re Non-Appearance Case Review, Dated 3/7/2014 | 743 |
| 6 | Court Order, Dated 5/2/2014 | 745 |